HUI CHUN TANG, Petitioner,

v.

Alberto R. GONZALES, Attorney General of the United States, Respondent.

No. 04–4579–AG.

United States Court of Appeals, Second Circuit.

March 31, 2006.

Thomas V. Massucci, New York, New York, for Petitioner.

R. Alexander Acosta, United States Attorney for the Southern District of Florida

(Anne R. Schultz, Chief, Appellate Division, Kathleen M. Salyer, Deputy Chief, Appellate Division), Miami, Florida, for Respondent, of counsel.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT D. SACK, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Hui Chun Tang, through counsel, petitions for review of the BIA's denial of her application for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA issues an affirmance without opinion, we review the IJ's decision directly. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004).

■ Here, Tang brings a due process challenge to the IJ's holding that she "failed to establish that she will be subjected to future persecution" if she were forced to return to China. Judicial review of a final order of removal is available only where the petitioner has exhausted all administrative remedies available as of right. 8 U.S.C. § 1252(d)(1).

Although "the BIA does not have jurisdiction to adjudicate constitutional issues." *United States v. Gonzalez–Roque,* 301 F.3d 39, 47–48 (2d Cir.2002) (internal quotation marks omitted), such claims nevertheless must be asserted and administratively exhausted before they are brought before this Court where the BIA may have decid-

ed underlying issues of fairness of process, and where an appeal could have provided the possibility of relief. *Theodoropoulos v. INS,* 358 F.3d 162, 172–73 (2d Cir.2004).

Tang's due process claim relates generally to the past persecution argument that she brought below, but her brief to the BIA did not raise the issue of procedural due process. If she had brought such a claim before the BIA, it could have determined whether the IJ failed to make an explicit well-founded fear determination without deciding a substantial constitutional issue. Furthermore, had the BIA found error, it was empowered to offer Tang relief to remedy any due process violations. Therefore, this issue should have been exhausted before the BIA. Since it was not, this Court may not review it.

Unlike her due process argument, Tang's challenge to the IJ's well-founded fear determination was exhausted at least insofar as she invoked the presumption of a well-founded fear as a part of her past persecution argument.

■ However, we conclude that substantial evidence supports the IJ's finding that Tang established no well-founded fear. Assuming that her fear is subjectively genuine, the IJ nevertheless reasonably found that it was not objectively reasonable where (1) Tang gave no particulars as to why or how the government required the dismantling of her church, (2) she was released by the Chinese government after three days of detention because they had no evidence to use against her, (3) Tang was never a leader or "major player" of the church, and (4) the actual leader of the church was arrested, but released unharmed a short while later. These observations constitute specific, cogent reasons that bear a legitimate nexus to the IJ's finding that Tang did not possess a well-founded fear of persecution

■ Finally, substantial evidence supports the IJ's denial of CAT relief. Tang

cited a three-day detention, several slaps in the face and denial of food, after which she did not seek medical treatment. The IJ reasonably concluded that Tang's testimony, even if true, would not make it more likely than not that she would suffer torture on return to China.

Accordingly, Tang's petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).